SIMON VORENBERG *vs.* WILLIAM FILENE'S SONS COMPANY.
WILLIAM FILENE'S SONS COMPANY *vs.* ALONZO W. PERRY.

Suffolk. December 4, 1916. — June 29, 1917.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Landlord and Tenant. Contract, Construction. Insurance, Fire.*

A lease of a business building contained the following provision: "Provided also that in case said premises or any part thereof are injured by fire or other casualty the rent reserved shall be abated in proportion to the extent to which said premises are thereby rendered unfit for use by the Lessee until the premises are

restored as hereinafter provided. If such injury does not exceed fifty (50) per cent of the value of the building immediately before the injury as determined by the adjustment of insurance the Lessor shall, as soon as may be, restore said premises to the condition they were in before such injury, so far as this can be done out of the proceeds of the insurance." A fire occurred, the injury by which was less than fifty per cent of the value of the building. The fire destroyed certain panels and stucco work put into the building by the lessee. A fire insurance company in adjusting the loss with the lessor allowed an amount sufficient to restore the panels and the stucco work to the condition they were in before the fire, but the lessor did not restore them. The lessor brought an action for rent under the lease. The whole of the lease was not set forth in the report to this court, and it did not appear whether it contained a covenant by the lessor to keep the premises insured for the benefit, in part, of the lessee. *Held,* that on the record it must be taken that the lessor was at liberty to insure or not to insure at his pleasure, but, as it appeared that he had elected to insure and had received the insurance money for the panels and the stucco work added to the premises by the lessee, he came under the obligation of the covenant to restore the premises " to the condition they were in before such injury," and that the lessee was entitled to an abatement from his rent which should include the amount of the cost of such restoration.

Two actions of contract on the covenant to pay rent contained in the lease of a building numbered 451 on Washington Street in Boston, called the Ditson Building, the first action being brought by the lessor against the lessee and the second action being brought by the original lessee against a sublessee under a similar lease containing the same covenants. Writs dated September 20, 1915.

The answer in each case set up the defendant's right to an abatement of rent under the following provision of the lease:

"Provided also that in case said premises or any part thereof are injured by fire or other casualty the rent reserved shall be abated in proportion to the extent to which said premises are thereby rendered unfit for use by the Lessee until the premises are restored as hereinafter provided. If such injury does not exceed fifty (50) per cent of the value of the building immediately before the injury as determined by the adjustment of insurance the Lessor shall, as soon as may be, restore said premises to the condition they were in before such injury, so far as this can be done out of the proceeds of the insurance."

In the Superior Court the case was tried before *Lawton,* J. The facts that appeared in evidence or by agreement of the parties are stated in the opinion. The injury by fire occurred on February 6, 1915.

At the close of the evidence the plaintiff Vorenberg asked the judge "to rule that there was no obligation on him to restore certain panels on the ceiling beams and stucco work about the chandelier on the fourth floor which had been wrought into the building and made part of the ceiling by William Filene's Sons Company after it obtained its lease of the premises and before it subleased to the defendant Perry, for the purpose of fitting up the room as a costume salon." The judge "ruled as requested, subject to the defendant's exception."

In each case the judge submitted to the jury the following question: "How much is the defendant entitled to as abatement of rent?" The jury in each case answered, "$1,500." Thereupon the judge reported the cases upon the stipulation that, if he was in error in ruling as matter of law that the plaintiff Vorenberg was under no obligation to restore the panelling and stucco work, then the sum of $200 should be added to the amount of $1,500 found due by the jury as abatement in each case, so that each defendant should be entitled to an abatement of $1,700; otherwise each defendant was to be entitled to an abatement of $1,500.

*F. P. Garland,* for the defendant Perry.

*E. O. Proctor,* for the plaintiff Vorenberg.

LORING, J. These are two actions to recover rent. The plaintiff in the first action demised the premises to the defendant in the first action and the defendant in the first action (the plaintiff in the second action) demised the premises to the defendant in the second action.

In each action the defendant set up a provision in the lease in question for an abatement of rent in case the premises were injured by fire or other casualty. The provision is stated above in full. It is alleged in each answer that the premises were damaged by fire and that was admitted to be the fact. The judge who tried the case left it to the jury to determine in each case "how much is the defendant entitled to as abatement of rent."

Before this question was submitted to the jury the judge ruled at Vorenberg's request "that there was no obligation on him to restore certain panels on the ceiling beams and stucco work about the chandelier on the fourth floor which had been wrought into the building and made part of the ceiling by William Filene's Sons Company after it obtained its lease of the premises and before

it subleased to the defendant Perry, for the purpose of fitting up the room as a costume salon."

It was "agreed by the parties that the said panels and stucco work were destroyed by the fire; that the fire insurance company in adjusting the loss with the plaintiff Vorenberg, made an allowance to cover the loss of said panels and stucco work sufficient in amount to restore them to the condition they were in before the fire, and that the same were not restored."

On the jury finding that the amount of the abatement in that case was $1,500 the judge reported both cases to this court with the stipulation that if he was wrong in ruling that the plaintiff Vorenberg was under no obligation to restore the panelling and stucco work, the amount of the abatement would be $1,700 in each case. That is to say the ruling was made in the first case with a stipulation that the correctness of the ruling in the first case should dispose of the second.

Vorenberg's counsel has undertaken to support the ruling on the authority of *Loader* v. *Kemp*, 2 C. & P. 375. In that case the lease contained this covenant on the part of the lessor: "That he (the said lessor), shall and will, in case the said messuage or tenement, shop and buildings hereby demised, or any part thereof, be burnt down or damaged by fire, as soon as may be, at his own costs and charges, rebuild and replace the same in the same state as they were in before the happening of such fire." Chief Justice Best disposed of that case in these words: "It appears to me, that the landlord is only to rebuild what he let; for a landlord would be in a desperate situation, if he were bound to rebuild every thing which his tenant may think proper to set up. He might be ruined in may cases."

Whatever was or may have been the true construction of the covenant in question in *Loader* v. *Kemp*, we are of opinion that that is not the true construction of the covenant in Vorenberg's lease to William Filene's Sons Company. In *Loader* v. *Kemp* the rebuilding was to be done by the landlord out of his own pocket. Under the lease to William Filene's Sons Company there was no obligation to rebuild unless the premises were injured to an amount not exceeding fifty per cent of the value of the building immediately before the fire as determined by the adjustment of the lessor's insurance and the

obligation to rebuild was limited to restoring the premises to the condition they were in before such injury "so far as this can be done out of the proceeds of the insurance." If by the terms of this lease the landlord had been under an obligation to insure the premises the lessee would have had a right to have them insured by the lessor so as to have the proceeds applied to the additions made by him (the lessee). The whole lease is not set forth in the report. So far as appears there was no covenant by which the lessor was bound to keep the premises insured for the benefit (in part) of the lessee. On the record it must be taken that the lessor was at liberty to insure or not to insure at his pleasure. But if the lessor under a lease containing the clause here in question elects to insure he comes under the obligation to use the proceeds of the insurance in restoring the premises "to the condition they were in before such injury" and in case of this covenant that means "to the condition they were in" immediately before the injury.

We are of opinion therefore that the ruling was wrong and by the terms of the report each defendant is entitled to an abatement of $1,700. It is

*So ordered.*