DANIEL J. O'CONNOR, administrator, *vs.* NATIONAL METALS COMPANY.

Suffolk.   October 2, 1944. — December 1, 1944.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & SPALDING, JJ.

*Contract*, Consideration, Modification, Implied, Personal services.

After a defendant, in consideration of the plaintiff's furnishing information as to an opportunity to purchase metal, had promised to pay the plaintiff one half of the profit to be derived from a purchase of the metal and a sale thereof to a customer of the plaintiff, but subsequently had rejected the metal as not in accordance with specifications and had sought damages from the seller, a further promise by the defendant to pay to the plaintiff one half of such damages as he might recover was not supported by consideration on the alleged ground of forbearance where the plaintiff had never asserted a claim against the defendant for breach of the parties' original contract nor expressly or impliedly promised to forbear prosecuting such a claim; nor was the plaintiff entitled to recover the fair value of his services from the defendant on a quantum meruit.

CONTRACT OR TORT. Writ in the Superior Court dated April 25, 1938.

The action was tried before *Walsh*, J.

*P. L. Keenan*, for the plaintiff.

*H. Bergson*, for the defendant, submitted a brief.

SPALDING, J. This is an action of contract brought originally by William M. O'Connor (hereinafter called the plaintiff). By reason of the plaintiff's death during the pendency of the action, his son, as administrator of his estate, was substituted as the party plaintiff for the purpose of prosecuting the action. The first of the two counts in the declaration alleges that the plaintiff had certain information concerning a lot of rails which might be purchased from the Commonwealth of Massachusetts on sealed bids; that one Benjamin Feinberg, an officer and manager of the defendant corporation, made, in its behalf, an oral agreement with the plaintiff by the terms of which the plaintiff revealed to the defendant the information that he had, and the defendant corporation "was to pay the plaintiff one half of the net profits derived from the purchase and sale of the said metal"; that as a result of the information furnished the defendant realized $4,800.26 gross [*sic*] profit "from the sale"; and that the defendant owes the plaintiff $2,400 with interest from the date of demand. The second count is on an account annexed which alleges that the defendant owes the plaintiff $2,400 for "½ of profit derived from bid made to the Commonwealth of Massachusetts in connection with certain rails purchased on or about June 12, 1936." The declaration states that both counts were for the same cause of action.

At the conclusion of the evidence the trial judge, on motion of the defendant, ordered a verdict for the defendant and reported the case to this court upon a stipulation of the parties that if upon the competent evidence in the case the direction of a verdict for the defendant was wrong, judgment is to be entered for the plaintiff in the sum of $1,250.

The jury could have found these facts. The plaintiff, who was engaged in the junk business, learned in June, 1936, that the Commonwealth of Massachusetts had adver-

tised for sale four hundred forty tons of rails. Desiring to purchase them but lacking the money to do so, the plaintiff went to see a Mr. Feinberg of the defendant corporation and it was agreed that Mr. Feinberg on behalf of the defendant corporation would purchase the rails, which would then be resold to a customer of the plaintiff, and that the profits derived from the sale would be divided between the plaintiff and the defendant. Pursuant to this agreement the defendant entered into a contract with the Commonwealth for the purchase of the rails and a deposit of $5,000, on account, was made. Later, the defendant (on the ground that the rails were not up to specifications) declined to purchase them, and demanded and obtained from the Commonwealth the return of its deposit. Thereafter (apparently as an award of damages resulting from a proceeding against the Commonwealth) it received $4,800.26 in addition. Mr. Feinberg, when informing the plaintiff that the rails were being rejected, stated to him "that even then it would be the same, the agreement would remain the same, [and] they would share half of the profits, that is, the amount accruing from the suit." No part of the sum thus recovered from the Commonwealth by the defendant was ever paid to the plaintiff.

The evidence disclosed that there were three men named Feinberg [1] connected with the defendant corporation. All the negotiations that led up to the agreement between the plaintiff and the defendant (except in one instance where the name Benjamin Feinberg is mentioned) were between the plaintiff and a Mr. Feinberg. All the evidence as to what Mr. Feinberg said with reference to the defendant was admitted de bene and at the conclusion of the evidence, on motion of the defendant, was ordered struck from the record subject to the plaintiff's exception. We assume for the purposes of this opinion, but without decision or intimation, that the Mr. Feinberg with whom the plaintiff dealt was one who had authority to bind the defendant with respect to the matters under consideration.

---

[1] Benjamin Feinberg was president of the corporation, Edward Feinberg was its secretary-treasurer and general manager, and Sam Feinberg was also "connected with the company."

The verdict was rightly directed for the defendant on the first count of the declaration. There was a material variance between the pleading and the proof. *Manning* v. *Loew*, 313 Mass. 252. *Payne* v. *R. H. White Co.* 314 Mass. 63, 67, and cases cited. The plaintiff, in this count, sought to recover one half of the profits derived from a sale of the rails, but the evidence disclosed that there was no sale.

Counsel for the plaintiff concedes in his brief that there was no sale and that there can be no recovery on the original agreement which is the basis of the first count. The plaintiff seeks to recover, however, on the second count (account annexed) on the ground that the original agreement was modified by a new agreement supported by sufficient consideration. The new agreement under which the plaintiff seeks to recover was described as follows in the plaintiff's brief: "But the defendant's action in not accepting the rails from the State and selling them to the plaintiff's customer left the plaintiff with a right of action against the defendant. Instead of prosecuting this right of action, the plaintiff and defendant compromised and modified their original contract. Such a modification is supported by mutual consideration, and is binding on both parties." The only evidence in support of this contention is the statement of Mr. Feinberg, referred to above, in which he told the plaintiff (when informing him that he had decided to reject the rails because they were not up to specifications) that the plaintiff was to have one half of the proceeds from the proceeding against the Commonwealth. No enforceable contract can be rested on such a promise as it was without consideration. The plaintiff promised nothing in return. There is no evidence from which it can be inferred that the plaintiff ever asserted a claim against the defendant with reference to its failure to accept the rails from the Commonwealth, or that there was any agreement, express or implied, to forbear the prosecution of such a claim. It is well settled in this Commonwealth that mere forbearance without an agreement, express or implied, to that effect is not sufficient consideration for a promise. *Merrimac Chemical Co.* v. *Moore*, 279 Mass. 147, 155, 156. *Spillane* v. *Yarnalowicz*, 252 Mass. 168, 171.

*Barber* v. *Rathvon*, 250 Mass. 479, 484. *Mecorney* v. *Stanley*, 8 Cush. 85, 88. The case of *Higgins* v. *Gilchrist Co.* 301 Mass. 386, cited by the plaintiff, is not inconsistent with anything here decided.

There is no merit in the plaintiff's contention that he is entitled to recover for the fair value of his services on a quantum meruit. The evidence does not warrant a recovery on this principle. It follows that judgment is to be entered on the verdict.

*So ordered.*