GRAPHIC ARTS FINISHERS, INC. *vs.* BOSTON REDEVELOPMENT AUTHORITY.

Suffolk. November 6, 1969. — February 11, 1970.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Contract*, Consideration. *Deceit. Boston Redevelopment Authority.*

A promise by a business concern to the Boston Redevelopment Authority to relocate the concern's business elsewhere and not liquidate after a taking by the authority by eminent domain of the premises occupied by the concern was valid consideration for a promise by the authority to pay the concern its "total certified actual moving expenses" where it appeared that the authority's promise induced the concern to stay in business and to pay out a considerable amount in moving with the expectation of being repaid [42–43]; the concern's promise was not illusory in that it did not specify a period during which it would remain in business [43].

In an action by a business concern against the Boston Redevelopment Authority, which had taken by eminent domain the premises occupied by the concern, a cause of action for deceit was stated by a count of the declaration which alleged that the defendant knowingly made false representations to the plaintiff's president that the defendant would reimburse the plaintiff for its "total certified actual moving expenses" incurred in relocating its business, that such representations were made "with the intention of inducing [the] plaintiff to move its business peacefully and expeditiously," that in reliance on such representations the plaintiff did so move its business, and that a portion of its relocation expenses actually paid by the defendant was "far less than the amount [the] plaintiff had spent in reliance on defendant's representations." [44]

Where a business concern and the Boston Redevelopment Authority, which had taken by eminent domain the premises occupied by the

concern, entered into a contract whereby the authority for consideration promised to pay the concern "its total certified actual moving expenses" incurred in relocating its business, an action by the concern against the authority on the contract to recover an unpaid portion of such expenses was not for statutory relocation expenses and was not barred by statutory provisions precluding judicial review of the authority's determination thereof. [44–45]

CONTRACT AND TORT. Writ in the Superior Court dated May 22, 1964.

The action was heard by *Ford*, J., on demurrer.

*Jerome L. Rappaport* for the plaintiff.

*Loyd M. Starrett* (*Lewis H. Weinstein* & *John H. Henn* with him) for the defendant.

SPALDING, J. This case comes here on the plaintiff's appeal from an order sustaining a demurrer to its second amended declaration. G. L. c. 231, § 96. The case involves an alleged agreement by the Boston Redevelopment Authority (BRA) to pay the expenses of relocating a business displaced by the Government Center Urban Renewal Project. The declaration is in two counts, the first in contract and the second in tort for deceit.

We summarize the allegations of the first count as follows. On October 25, 1961, BRA, acting under its power of eminent domain, took the buildings known as 42–52 Chardon Street and 41–43 Pitt Street, Boston. The buildings were owned by Greenbaum Realty, Inc., a Massachusetts corporation. The plaintiff's business was located at these premises. The stockholders of the plaintiff and Greenbaum Realty, Inc. are identical. The plaintiff's president, after several conferences subsequent to the taking with the defendant's agents and employees, reached an agreement whereby the plaintiff would receive its "total certified actual moving expenses" on an instalment basis in return for performance of certain promises. The plaintiff promised (1) to depart the premises peacefully and expeditiously, without requiring the defendant to resort to legal action; (2) to relocate its business elsewhere and not liquidate; and (3) to induce Greenbaum, the landlord, to consider wiring, plumbing, and other property as the plaintiff's personal property, so that

Greenbaum would not claim greater damages from the defendant. The plaintiff alleges performance of these promises, and compliance with all the administrative requirements and conditions set forth by the defendant as a prerequisite for payment. The plaintiff's moving expenses amounted to approximately $130,000 of which it failed to receive $54,069.11.

The second count, in deceit, alleges the following. The defendant made false representations to the plaintiff's president, with knowledge of their falsity, that the defendant would reimburse the plaintiff, upon its compliance with the defendant's administrative requirements, for the "total certified actual moving expenses" incurred in relocating its business. These representations were made "with the intention of inducing [the] plaintiff to move its business peacefully and expeditiously." In reliance on the defendant's representations, the plaintiff has moved its business "peacefully and expeditiously" and has complied with all the requirements demanded by the defendant. Although the defendant has paid to the plaintiff a portion of the relocation expenses, the sum paid was "far less than the amount [the] plaintiff had spent in reliance on defendant's representations and statements."

The grounds for demurrer to each count are: (1) that it is insufficient in law to maintain the action; (2) that it does not state a legal cause of action; and (3) that it does not state "concisely and with substantial certainty the substantive facts necessary to constitute a cause of action."

1. The sufficiency in law of count 1 depends on whether the plaintiff's alleged promises constitute valid consideration for the defendant's promise to pay moving expenses. Since we think that the plaintiff's second promise constitutes consideration, we need not consider the validity of the other two.

The essentials of consideration are summarized in Williston, Contracts (3d ed.) § 102A: "[Legal detriment] means giving up something which immediately prior thereto the promisee was privileged to retain, or doing or refraining from doing something which he was then privileged not to do, or

not to refrain from doing. Benefit correspondingly must mean the receiving as the exchange for his promise of some performance or forbearance which the promisor was not previously entitled to receive." The plaintiff's promise to relocate its business and not liquidate clearly is the "doing something which . . . [it] was then privileged not to do." The defendant, however, argues first that this promise could not be consideration because it involved no detriment to the plaintiff. Staying in business, it argues, is merely following one's business interests, and thus incurs no detriment. It is apparent, however, that for the plaintiff to stay in business, it would cost about $130,000, the cost of relocating. It would appear that the defendant's promise was an inducement for the plaintiff to stay in business, a course of action which the plaintiff, for financial reasons, might not otherwise have taken. In fact, according to the allegations, the plaintiff advanced, as part of the moving arrangement, a considerable sum of money with the expectation of being repaid. Staying in business, without receiving the promised reimbursement, would thus constitute a detriment to the plaintiff.

The defendant's second argument is that the plaintiff's promise was illusory in that it specified no definite time period during which the plaintiff would remain in business and hence was not valid consideration. It is true that a promise that binds one to do nothing at all is illusory and cannot be consideration. *Gill* v. *Richmond Co-op. Assn. Inc.* 309 Mass. 73, 79–80 (plaintiffs' promise to buy such milk as they might order). But here the plaintiff has bound itself to do something, namely, to relocate and open its business elsewhere. If, after having done so, the plaintiff decided to liquidate, it cannot be said that the original promise was entirely lacking in consideration. The law does not concern itself with the adequacy of consideration; it is enough if it is valuable. *Barnett* v. *Rosen*, 235 Mass. 244, 249. *Dondis* v. *Lash*, 277 Mass. 477, 486. The plaintiff's promise is to be distinguished from a promise to relocate if it so desired, which clearly would be illusory.

2. We are of opinion also that count 2 was sufficient in law to state a cause of action. The elements necessary to maintain an action in deceit are summarized in Restatement: Torts, § 525: "One who fraudulently makes a misrepresentation of fact, opinion, intention or law for the purpose of inducing another to act or refrain from action in reliance thereon in a business transaction is liable to the other for the harm caused to him by his justifiable reliance upon the misrepresentation." The plaintiff has alleged the misrepresentation, its falsity, the defendant's knowledge of its falsity, and the defendant's intention to induce the plaintiff to act upon it, the plaintiff's reliance on the misrepresentation, and the harm suffered as a result. The falsity of the representations, of course, is to be determined later at trial, as is the intent with which they are made. The damage sustained by the plaintiff need not be stated with particularity. The allegation of damage in the declaration was sufficient. All the elements of deceit have been pleaded.

3. Notwithstanding the sufficiency of the plaintiff's declaration, the defendant urges us to sustain the demurrer on the ground that no judicial review of relocation expenses is available under the applicable law.[1] Since the present action, so runs the argument, would lead to a court's review of a determination already made by BRA, its declaration fails as a matter of law. This argument cannot prevail. Assuming that this question has been properly raised by the demurrer, the defendant's argument assumes that the plaintiff is suing under the statutes for "moving expenses" or "relocation payments." That is not the case. The declara-

---

[1] ". . . nor shall any person have any right of action for relocation payments." G. L. c. 121, § 26J (as amended by St. 1966, c. 619, § 1).

"The determination by the Agency . . . shall be final and conclusive . . . and not subject to redetermination by any court . . . ." 24 C. F. R. (1969) § 3.104 (c).

The United States Department of Housing and Urban Development "may provide . . . that determinations of any duly designated officer or agency as to eligibility for and the amount of relocation assistance . . . shall be final and conclusive for any purposes and not subject to redetermination by any court or any other officer." 42 U. S. C. § 1465 (e) (1969).

tion makes clear that the plaintiff is not claiming payments to which it has a right under the statutes, as "moving expenses." Rather, it is suing for a payment allegedly due it as part of a contractual agreement to perform certain actions. Its position is quite different from one who relocates its business and then sues for relocation payments without a prior agreement for reimbursement.

*Order sustaining demurrer reversed.*