LORING STUDIOS OF MASSACHUSETTS, INC. *vs.* WILLIAM SCHEFT & others.[1] August 11, 1980. The plaintiff sued the defendants for reimbursement of the money it expended to automate an elevator located in a building in which the defendants leased space to the plaintiff. Although the lease is silent on the point, the plaintiff claimed that it had made this expenditure in exchange for a reduction in monthly rent. With over three years of the lease term remaining, the building was destroyed by fire. The plaintiff asserts that because the fire prevented the plaintiff from receiving the full benefit of the reduced rent throughout the six-year term of the lease, it is entitled to a pro rata reimbursement of its costs for automation of the elevator. The judge determined the lease was ambiguous, received parol evidence, and entered judgment for the plaintiff. We reverse the judgment.

1. The pertinent clauses of the lease provided that: (a) the monthly rent was four hundred dollars; (b) rent adjustments were to be made only on the basis of increased real estate taxes; (c) proportional rent abatements were to be made only on the basis of fire damages which rendered the premises substantially unusable or a taking by eminent domain; and (d) "in consideration of this lease" the defendants would automate the elevator for which the plaintiff would reimburse them. In spite of the clear and express terms of these lease provisions, the judge found that (d) was ambiguous because there was no indication in the lease why the

---

[1] Theodore Scheft and Elmer Rigelhaupt, trustees of Wilscheft Realty Trust.

plaintiff would undertake this obligation unless it expected to receive the full benefit of that expenditure. The fact that the lease contained no recital in explanation of this provision does not render it ambiguous. The lease spoke to all the essential questions raised by the agreement, and it provided for refunds and adjustments if specific contingencies occurred. See *Stop & Shop, Inc.* v. *Ganem,* 347 Mass. 697, 701-702 (1964); *Graphic Arts Finishers, Inc.* v. *Boston Redevelopment Authy.,* 357 Mass. 40, 43 (1970); *Bendetson* v. *Coolidge,* 7 Mass. App. Ct. 798, 802-803 (1979). In these circumstances, we conclude that the judge improperly accepted parol evidence to alter and contradict the precise and complete terms of the lease. See *Finnerty* v. *Reed,* 2 Mass. App. Ct. 846, 847 (1974). Compare *Cooley* v. *Bettigole,* 1 Mass. App. Ct. 515 (1973).

2. The plaintiff was not entitled to a judgment on the theory that the defendants had been unjustly enriched because the value of their property had been increased by the plaintiff without it receiving its due benefits under the lease. See *Vorenberg* v. *William Filene's Sons,* 227 Mass. 575, 579 (1917); *Gifford* v. *Mercantile Wharf Corp.,* 355 Mass. 792 (1969). See also Schwartz, Lease Drafting in Massachusetts §§ 6.38, 7.5 (1961).

The judgment is reversed and the matter is remanded to the Superior Court for the entry of a judgment for the defendants.

*So ordered.*

*James H. Anderson* for the defendants.
*Gerald Krasker* for the plaintiff.