## NORTHAMPTON NATIONAL BANK
### vs.
### DON LORENZ, INC.

### Case No. 273

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

### January 6, 1981

Edward D. Etheredge for the plaintiff.

Jonathan Z. Souweine for the defendant.

Present: Mullaney, J., Larkin, J., Walsh, P.J.

## OPINION

MULLANEY, J. This is an action of contract in which the plaintiff seeks to recover from the defendant $1751.54 plus costs, interest and attorney fees. The trial court found for the plaintiff and awarded $1751.54 plus costs and interest. On appeal the defendant contends that (a) the alleged contract is unenforceable due to a failure of consideration, (b) the plaintiff's inaction gives rise to the defenses of laches and contributory negligence, and (c) damages were improperly computed.

There was evidence tending to show the following facts. The plaintiff, Northampton National Bank, upon the application of one of its customers, DiNorcia, Inc. (buyer), loaned buyer $3,278.87 for the purchase of a 1978 Fiat automobile. In performing this loan agreement, the plaintiff disbursed a cashier's check dated August 22, 1973 made payable to "Don Lorenz, Inc. — a/c DiNorcia, Inc." in the amount of $3,278.87.

The plaintiff included the following notation on the back of the cashier's check: "The endorser hereby warrants that the Application for Title filed in connection with the 1973 Fiat Model Spider 0069051 lists Northampton National Bank, Northampton, Massachusetts, as first lienholder and states the type and date of its lien." The defendant received the cashier's check in satisfaction of the purchase price of the vehicle, endorsed the check and deposited it with the Franklin County Trust Company. On August 23, 1973 the dealer signed and filed an application for title in connection with the vehicle without listing any lienholders therein. As a result, a certificate of title issued to the buyer with no lienholder listed. In June of 1975, the buyer defaulted on the loan and the plaintiff was unable either to locate the vehicle or obtain payment on the note from the buyer. An action for breach of contract based on the notation stamped on the back of the cashier's check was brought against the defendant in

1976 for the balance then due on the note.

Taking defendant's arguments in turn we first discuss consideration. Simply stated, the requirement of consideration is satisfied if there is a benefit to the promisor or a detriment to the promisee. **Marine Contractors Co., Inc. v. Hurley**, 365 Mass. 280, 286 (1974). See, **Graphic Arts Finishers, Inc. v. Boston Redevelopment Authority**, 357 Mass. 40, 42-43 (1970).

The plaintiff, as promisee seeking to enforce the defendant's alleged promise to record, is required to prove that the promise is supported by consideration. The trial court held that the only consideration in support of the defendant's contractual obligation to record arose in the negotiation of the cashier's check presented by the buyer as payment for the purchase of the vehicle. Accordingly, the sufficiency of the evidence and analysis in support of this conclusion will be addressed.

The defendant's principal contention on this issue is that there was, as a result of defendant's promise, neither a benefit accruing to the defendant nor a detriment incurred by the plaintiff. The defendant argues that since the value he received in the check was in essence the buyer's money which the buyer had previously agreed by written contract to pay as the purchase price of the vehicle, the bank has in reality provided the dealer with nothing of value to the dealer. While in theoretical terms there seems to exist some merit in this distinction, the law of the Commonwealth does not require that the benefit result from the promisee transferring his own value. **Marine Contractors Co., Inc. v. Hurley, supra.**

In **Marine Contractors**, the promisee, a trustee of trust of which the promisor was one beneficiary, paid the promisor his share of the trust five years early, in exchange for a promise not to compete with the trustee's business. The promisor sought to render the covenant not to compete unenforceable on the ground that even though the accelerated payment was of benefit to him, no consideration supported the promise because the trustee himself suffered no legal detriment, the money being paid not by the trustee but rather with the trust funds in which the trustee had no beneficial interest. The court

rejected this contention and held that so long as value is given, there is no requirement that consideration must move from the promisee to the promisor. Cf. **Palmer Savings Bank v. Insurance Co. of North America,** 166 Mass. 189, 195-196 (1896). "While in this Commonwealth the rule is held strictly that no one can sue or be sued on a simple contract who is not a party to it, either disclosed or undisclosed, yet it is not in all cases necessary that the consideration should move from the promisee to the promisor . . . In a novation, no consideration moves from the promisee directly to the promisor."

Because the defendant received both a direct and substantial benefit from its negotiation and deposit of the check tendered by the buyer, the contractual requirement of consideration is satisfied and the terms of the writing contained on the check should be given effect, irrespective of whether the bank itself provided value to the defendant. Accordingly, the trial court's resolution of this issue should be affirmed.

The defendant's position that plaintiff was guilty of lack of diligence amounting to laches in not employing a tickler system, and that this nonfeasance was the responsible factor in bringing about the loss, was summarily rejected by the trial court. What constitutes reasonable diligence can be determined by no established rule and is ultimately referable to the circumstances of each case and the conclusions of the factfinder thereon. The question of laches is addressed to the sound discretion of the court. **Sears v. Treasurer & Receiver General,** 327 Mass. 310, 326 (1951). It is impossible to say that on this record the trial court abused its discretion in failing to find laches.

As to contributory negligence, a party to a contract has the obligation of avoiding or mitigating damages to the extent possible by taking such steps as do not involve undue risk, expense or inconvenience. **Hall v. Paine,** 224 Mass. 62, 65 (1916); **Restatement: Contracts,** § 336(1) (1932); Williston, **Contracts** (3d. ed.), § 1353 (1968).

The defendant has urged that the plaintiff's own negligence was the actual cause of the harm alleged. Here the argument runs

that the bank's failure to employ a tickler system was so unreasonable as to bar the contractual claim. The short answer to this is that while the plaintiff's failure to utilize the system might have been unwise from a business perspective, it doesn't rise to the level of unreasonableness sufficient to find the plaintiff responsible for the entire harm suffered as a matter of law. For in the final analysis, the trial court sought to allocate the loss between what are essentially two victims. While the tickler system could possibly have averted the loss incurred, the trial court was justified in holding that the dealer, who concededly set in motion the chain of events resulting in the bank's loss, should bear the responsibility.

Turning to damages, it is uniformly held that the principal purpose of contract damages is to put the nonbreaching party in the same position that he would have been in had the contract been performed as promised. **Concannon v. Galenti,** 348 Mass. 71, 74 (1964). The court below awarded plaintiff damages of $1751.54, an amount representing the balance due at the time of the buyer's default on the promissory note. The defendant argues that had there been no breach the plaintiff's recovery would have been limited to the fair market value of the vehicle at the time of the buyer's default and the plaintiff's presumable repossession, and that since this value had not been proved, the plaintiff is provided with a windfall.

The defendant's position is unpersuasive in the light of the now settled rule that an element of uncertainty in the assessment of damages is not a bar to recovery. **National Merchandising Corp. v. Leyden,** 370 Mass. 425, 430 (1976). As was recognized in **Piper v. Childs,** 290 Mass. 560, 563 (1935), "The amount of damages seldom can be proved with the exactness of mathematical demonstration. Much must be left to estimate and judgment sometime upon meager evidence."

Moreover, to require the plaintiff as a condition to recovery to prove the value of the particular auto here involved at the time when the right to repossession occurred would reward the defendant for its own breach. As is clear damages are often not readily ascertainable and there exists on this record no indication that the award was unreasonable, unsupported by the evidence or incorrect as a matter of law.

We therefore agree that the judge was correct in concluding that a contract did arise between Northampton National Bank and Don Lorenz, Inc., and that failure of Don Lorenz, Inc. to list the bank as a lienholder was a breach of that contract. The trial court properly computed the damages as of the time the contract was breached.

There being no error, the report is dismissed.

So ordered.
Mullaney, J.
Larkin, J.
Walsh, P.J.