Spurlock, J.
On October 1, 1991, the A.W. Chesterton Co. (hereinafter defendant), terminated the employment of Michael J. Baker (hereinafter plaintiff). Subsequently, plaintiff brought suit alleging several theories of relief, including: deceit (Count I), negligent misrepresentation (Count II), promissory estoppel (Count IV), and wrongful termination of employment (Count V). Additionally, plaintiffs wife brought a claim for loss of consortium (Count VI), and plaintiff has brought a claim on behalf of his children for loss of parental consortium (Count VII). The defendant now moves for summary judgment as to each of these claims.
For the following reasons defendant’s motion is ALLOWED as to count IV, and DENIED as to counts I, II, V, VI, and VII.
BACKGROUND
In the summer of 1991, plaintiff was employed as a salesman in the State of Maine by Eastern Fastener. At that time, defendant was seeking to hire a sales representative. Defendant, through an employment agency, contacted plaintiff.
On August 22, 1991, plaintiff met with defendant’s Regional Sales Representative, Michael Villane (hereinafter “Villane”), in Lewiston, Maine. In mid to late August, a second meeting took place in Stoneham, Massachusetts. Plaintiff again met with Villane, as well as with defendant’s Chemical Manager, John Cepiel (hereinafter “Cepiel”). Plaintiff was formally offered the position of Sales Representative of defendant’s technical product line in the State of Maine, and on September 9, 1991, plaintiff reported to the training course.
On September 30, 1991, the training course completed, plaintiff was asked to give a product demonstration at defendant’s facility in Groveland, Massachusetts. At the day’s conclusion, plaintiff was asked to meet with Cepiel at defendant’s facility in Stoneham, Massachusetts.
Upon arriving at the Stoneham facility on October I, 1991, Cepiel informed plaintiff that he had failed the training course and that he lacked sufficient knowledge concerning defendant’s products. Plaintiff requested that Villane be contacted. Thereafter, Villane informed plaintiff that he had failed the course, that he did not sufficiently know the product line, and that he was being terminated immediately.
DISCUSSION
I. Plaintiffs Claim for Deceit (Count I)
The tort of deceit is defined as follows:
One who fraudulently makes a misrepresentation of fact, opinion, intention or law for the purpose of inducing another to act or refrain from action in reliance thereon in a business transaction is liable to the other for the harm caused to him by his justifiable reliance upon the misrepresentation.
Graphic Arts Finishers, Inc. v. Boston Redevelopment Authority, 357 Mass. 40, 44 (1970). Additionally, “in an action for deceit under Massachusetts law, fraudulent intent maybe maintained by proof of a statement made by the defendant, as of his own knowledge, which is false, provided that ‘the thing stated is not merely a matter of opinion, estimate, or judgment, but is susceptible of actual knowledge.’ ” Treadwell v. John Hancock Mutual Life Ins. Co., 666 F.Supp. 278, 285 (1987), quoting Snyder v. Sperry and Hutchinson Co., 368 Mass. 433, 444 (1975).
In the instant case, plaintiff has alleged that Villane, in connection with the offer for employment, made oral representations that plaintiff should not be concerned by the fact that, if he accepted the position, he would have to attend a training course, as he would be “pushed through” such course. Deposition of Michael J. Baker (Exhibit 1, attached to Plaintiffs Memorandum of Law in Opposition to Defendant A.W. Chesterton, Inc.’s Motion for Summary Judgment), p. 113, lines 16-24. Furthermore, plaintiff has alleged that as a result of these representations, he left his previous job and accepted the position with defendant. Id. at p. 116, lines 4-18. Finally, plaintiff has alleged that at the conclusion of this training course, and based upon his participation in it, Villane terminated plaintiffs employment with defendant. Memorandum of the Defendant A.W. Chesterton Co. in Support of Its Motion for Summary Judgement, Statement of Facts, p. 5.
*409 In light of these allegations, questions of material fact exist. If ultimately proven true, these allegations would indicate that defendant, through its agent Villane, made misrepresentations of fact regarding a business transaction, and in reliance thereon, plaintiff acted to his detriment. Moreover, due to Villane’s position of authority in defendant company, and the fact that it was he who ultimately terminated plaintiff, these alleged misrepresentations cannot be construed as having been mere estimate, opinion or judgment, but instead must be susceptible of actual knowledge. As such, they would have been made with the necessary fraudulent intent. Therefore, defendant’s motion for summary judgment with regard to plaintiffs claim for deceit (Count I) is denied.
II.Plaintiffs Claim for Negligent Misrepresentation (Count II)
The Restatement (Second) of Torts, §552 (1977) provides:
One who, in the course of his business ... or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
See DeMarco v. Granite Savings Bank, 1993 WL 220551 at *2 (Mass.App.Ct. June 11, 1993) (adopting Restatement definition of negligent misrepresentation): Lawton v. Dracousis 14 Mass.App.Ct. 164, 171 (1982), review denied, 387 Mass. 1103 (1982) (noting Restatement definition of negligent misrepresentation with approval).
In light of the same allegations put forth in Part I, supra, questions of material fact also exist with regard to this claim. Again, if ultimately proven true, these allegations would indicate that defendant, through its agent Villane, in the course of its business, supplied false information to plaintiff for guidance in his business transactions, causing pecuniary loss to him through his justified reliance on this information, the defendant having failed to exercise reasonable care or competence in communicating this information. As such, defendant’s motion for summary judgment with regard to plaintiffs claim for negligent misrepresentation (Count II) is denied.
III.Plaintiffs Claim for Wrongful Termination (Count V)
Plaintiff further contends that the allegations set forth in Part I, supra, amount to an implied promise that plaintiff would not be terminated for his performance in the training program. As such, the claim sounding in breach of contract, plaintiff asserts that he was wrongfully terminated.
It is well settled that absent fraud, one who signs a written agreement is bound by its terms, notwithstanding claims that something different was intended. Tiffany v. Sturbridge Camping Club, Inc., 32 Mass.App.Ct. 173, 175 n. 5 (1992). Indisputably, plaintiff has signed an agreement indicating that he was an employee at will. Generally, as this agreement indicates, employment at will is terminable by either the employee or the “employer without notice, for almost any reason or for no reason at all.” Jackson v. Action for Boston Community Dev., Inc., 403 Mass. 8, 9 (1988). However, again as evidenced in Part I, supra, plaintiff has sufficiently alleged fraud by the defendant. As such, defendant’s motion for summary judgment on plaintiffs claim for wrongful termination (Count V) is denied.
IV. Claims for Loss of Consortium (Count VI) and Loss of Parental Consortium (Count VII)
As the defendant correctly notes in its memorandum, loss of consortium claims are derivative in nature. That is, these claims require proof of a tortious act that caused the claimant’s spouse or parent an injury. See Sena v. Commonwealth, 417 Mass. 250, 264 (1994). This court has determined that the alleged torts in Counts I and II survive the motion for summary judgment. As such, the claims for loss of consortium (Count VI) and loss of parental consortium (Count VII), arising from these alleged torts, also remain viable. Therefore, defendant’s motion for summary judgment with regard to these claims is denied.
V. Plaintiffs Claim for Promissory Estoppel (Count IV)
In Count TV, plaintiff sets forth a claim for damages based on promissory estoppel. Specifically, plaintiff alleges, as set forth in Part I, supra, that defendant induced him to believe that he had secure employment with the defendant, regardless of his performance in the training course. The Supreme Judicial Court of Massachusetts has not specifically addressed the theory of promissory estoppel in the employment context. However, the United States District Court of Massachusetts has done so, holding in its allowance of summary judgment that, as a matter of law, ”[t]he promise of secure . .. employment is simply too vague to be enforceable under the doctrine of promissory estoppel . . .” Treadwell, 666 F.Sup. at 287.
This court agrees. As such, defendant’s motion for summary judgment with regard to plaintiffs claim for promissory estoppel (Count IV) is allowed.
ORDER
For all of the foregoing reasons, it is hereby ORDERED that the defendant’s motion for summary judgment is ALLOWED with respect to plaintiffs claim for promissory estoppel (Count IV), and DENIED with respect to plaintiffs’ claims for deceit (Count I), negligent misrepresentation (Count II), wrongful termination (CountV), loss of consortium (Count VI), and loss of parental consortium (Count VII).