Curran, Dennis J., J.
Albert Juergens sued his former employer MicroGroup, Inc. because it failed to pay him severance when it terminated him in February 2010. He also alleges that MicroGroup’s Chief Executive Officer Jay Caraviello fraudulently induced him to purchase its corporate stock.
Juergens alleges six counts in his verified complaint: breach of contract (Count I); unjust enrichment (Count II); quantum meruit (Count III); non-payment of wages in violation of the Wage Act, G.L.c. 149, §§148, 150 (Count IV); misrepresentation inducing purchase of stock (Count V); and an action to rescind promissory note (Count VI). MicroGroup now moves to dismiss the entire action under Mass.R.Civ.P. 12(b)(3) for improper venue and Counts II through VI under Mass.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons that follow, MicroGroup’s motion must be DENIED.
BACKGROUND
The allegations in the verified complaint are taken as true for purposes of the pending motion.
Juergens, a Boylston, Massachusetts resident, was approached in July 2008 by a recruiter working for MicroGroup, a Delaware corporation authorized to do business in Massachusetts. In September 2008, after discussions with MicroGroup’s chief executive officer Caraviello as well as its vice president of operations and chief financial officer, MicroGroup made Juergens an oral offer of employment. Juergens counter offered that his employment agreement include severance pay upon termination. MicroGroup sent Juergens a written offer that did not include the severance pay. After follow up by Juergens, Caraviello sent an e-mail agreeing to pay severance equal to six months of salary upon termination “not for cause.” Juergens began his employment under that agreement on October 15, 2008.
In March 2009, Caraviello told Juergens that MicroGroup’s Board would view it favorably if Juergens purchased shares of the company stock. He also told Juergens that all senior MicroGroup leadership had purchased, or were in the process of purchasing, shares of stock. Concerned about declining performance, Juergens asked whether the price was likely to decrease. When Caraviello assured him that it would not, Juergens purchased $100,000 worth of MicroGroup stock, paying $50,000 in cash and executing a $50,000 promissory note to the company. The stock is currently worthless.
In December 2008 and May 2009, MicroGroup laid off personnel. On February 3, 2010, MicroGroup informed Juergens that his position was being eliminated. He was never advised of any other cause for his termination. He was not paid any severance.
On June 4, 2010, the Attorney General authorized Juergens to bring an action under the Wage Act. He did so on November 3, 2010, filing it in the Business Litigation Session in the Suffolk County Superior Court. That session declined to accept it and it was, accordingly, transferred to the regular civil docket in Suffolk County. MicroGroup originally filed this motion there, and the court (Hines, J.) declined to grant the motion, but instead transferred it for adjudication to Worcester County.
DISCUSSION
I. Venue
A complaint may be dismissed under Mass.R.Civ.P. 12(b)(3) if it is brought in an improper venue. Venue outside the Business Litigation Session in Suffolk County was improper. Venue is proper in this county and the complaint will not be dismissed under Mass.R.Civ.P. 12(b)(3).
II. Sufficiency of the Complaint
When evaluating the sufficiency of a complaint under Mass.R.Civ.P. 12(b)(6), the court accepts as true its factual allegations and draws all reasonable inferences in favor of the plaintiffs. Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008). The court may also take into account exhibits attached to the pleadings. Schaer v. Brandeis University, 432 Mass. 474, 477 (2000). To survive a motion to dismiss, a complaint must contain factual allegations which, if true, raise a right to relief above the speculative level. Mere labels and conclusoiy allegations will not suffice. Rather, a complaint must allege facts “plausibly suggesting (not merely consistent with) an entitlement to relief.” Iannacchino, 451 Mass. at 636 (internal quotation marks omitted).
A. Unjust Enrichment and Quantum Meruit
MicroGroup argues that Counts II and III, unjust enrichment and quantum meruit, cannot survive because there was a contract in place. Juergens counters that these are alternative theories of recovery. See In re Robert P. Hilson, 448 Mass. 603, 613 (2007) (“Modem rules of pleading permit alternative pleading”). Juergens has alleged that he was entitled to be paid severance and that the value of his service to MicroG-roup included the severance agreement. The plaintiff is permitted to proceed under alternative theories of *134 contract and quasi-contract. Accordingly, the motion to dismiss Counts II and III must be denied.
B. Wage Act
Juergens has also alleged a violation of the Wage Act, G.L.c. 149, §§148 et seq. The Act states that employers must promptly remit their employees’ wages. G.L.c. 149, §148. The failure to do so can result in an award of up to treble damages and reasonable attorneys fees. G.L.c. 149, §150.
Juergens has alleged a failure to pay his severance. MicroGroup maintains that severance payments are not included under the Act, relying on Prozinski v. Northeast Real Estate Services, LLC, 59 Mass.App.Ct. 599, 605 (2003). Prozinski refused to follow Jancey v. School Commission of Everett, 421 Mass. 482, 490-93 (1995), which applied an expanded definition to the term “wages” under a different statute. Prozinski instead relied on Commonwealth v. Savage, 31 Mass.App.Ct. 714, 716 (1991), stating, “We have construed the wage act narrowly.” Prozinski, 59 Mass.App.Ct. at 603. The Supreme Judicial Court later overruled Savage and authorized a more expansive interpretation of the Wage Act. Wiedmann v. Bradford Group, Inc., 444 Mass. 698, 703-04 (2005).
Following Wiedmann, a more expansive definition of “wages” is appropriate and it should not be limited to exclude severance pay. Therefore MicroGroup’s motion to dismiss Count IV relying on Prozinski must be denied.
C. Misrepresentation
To establish a claim for fraudulent misrepresentation, Juergens must show that MicroGroup or its agent made a false representation of material fact, knowing the representation was false, for the purpose of causing Juergens to rely on it, and indeed, he did rely on it, to his detriment. Graphic Arts Finishers v. Boston Redevelopment Authority, 357 Mass. 40, 44 (1970), quoting Restatement (Second) of Torts §525. Allegations of fraud must be pled with particularity. Mass.R.Civ.P. 9(b). An allegation that includes “who made the statements, their falsity, [ ] the defendants’ knowledge of their falsity!,] ■ • • to whom the statements were made, the period during which they were made, that they were made to induce the plaintiffs’ reliance, and that the plaintiffs did rely to their harm,” satisfies the particularity requirement. Friedman v. Jablonski, 371 Mass. 482, 488-89 (1976).
Juergens has pled sufficient facts to meet this burden. He stated that he purchased MicroGroup’s stock, to his detriment, based upon false statements made by Caraviello. Specifically, Caraviello’s statements that MicroGroup’s Board would view Juergens’s purchase favorably and that other senior leadership was purchasing stock were alleged to be false and can serve as the basis for a fraud claim. These statements meet the specificity requirement of Rule 9(b).
MicroGroup makes two misplaced arguments in support of its motion. First, relying on Stolzoff v. Waste Systems International Inc., 58 Mass.App.Ct. 747, 750 (2003), it argues that these statements cannot constitute the basis of a fraud claim because they are statements of future intent. Although Caraviello’s statement that the board “would view” the purchase favorably was made in the conditional sense, it is understandable as a statement of the then-existing viewpoint of the Board, which is not a statement of future facts. Second, citing a subscription agreement Juergens signed when purchasing the MicroGroup shares that included a merger clause, MicroGroup argues that Juergens’s reliance on the alleged fraudulent statements was unreasonable as a matter of law. A merger clause, however, is no defense to fraud in the inducement. Sound Techniques, Inc. v. Hoffman, 50 Mass.App.Ct. 425, 429 (2000) (“Whether we refer to the clause in question as a merger clause, an integration clause, or an exculpatory clause, the settled rule of law is that a contracting party cannot rely upon such a clause as protection against claims based upon fraud or deceit”).
Therefore Juergens’ fraud action can proceed. Furthermore, Count VI seeking, as it does, to rescind the promissory note based upon MicroGroup’s fraudulent inducement likewise survives this motion.
ORDER
For these reasons, defendant MicroGroup, Inc.’s motion to dismiss is DENIED.