Swan, J.
Yellow Book, Inc. (‘Yellow Book”) publishes commercial telephone listings and sells advertising within them. In 2006 and 2007, it entered into three written advertising contracts with JSCS, Inc., formerly known as DBA Pro Insulators (“Pro Insulators”). Pro Insulators failed to pay for the advertising, which had already been printed in Yellow Book’s publication. Yellow Book sued both Pro Insulators and its employee who signed the agreements on its behalf, Lisa Tocci (‘Tocci”). Pro Insulators defaulted, and judgment entered against it.[2] Tocci moved for summary judgment on the grounds that the contracts as to her failed for lack of consideration and that they were unconscionable. Yellow Book then cross-moved for summary judgment against Tocci. The court allowed Yellow Book’s motion for summary judgment as to liability and denied Tocci’s motion. Damages were subsequently assessed for Yellow Book. Tocci has appealed the rulings on the motions for summary judgment.
“The standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.” Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991), citing Mass. R. Civ. P, Rule 56(c). To that end, we look to the summary judgment record to determine whether all material facts have been established. Roman v. Trustees of Tufts College, 461 Mass. 707, 710-711 (2012). The moving party bears the burden of demonstrating affirmatively the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
According to the facts established on the motions for summary judgment, Tocci, on the information and belief of Yellow Book’s record keeper, signed three contracts on preprinted forms for Pro Insulators, as office manager on June 27,2006 and May 24,2007, and as “VP”[3] on April 9,2007. Each document called for a monthly payment for the advertising. Each listed Pro Insulators as either the “the Customer” or “the *21 Company.” Below each signature line, in boldface print, were the words, “Authorized Signature Individually and for the Customer” or “for the Company.” These words were followed, in small, non-boldface type, on two of the contracts, by the words, “(Read paragraph 15F on the reverse hereof.)” and on the third, by the words, “(Read paragraph 15G on the reverse side.”)[4] The aforesaid Paragraph 15F appearing in two contracts stated:
The signer of this agreement does, by his execution personally and individually undertake and assume and [sic] the full performance hereof including payments of amounts due hereunder.
Paragraph 15G in the third contract stated:
The signer agrees that he/she has the authority and is signing this agreement (1) in his/her individual capacity, (2) as a representative of the Customer, and (3) as a representative of the entity identified in the advertisement or for whose benefit the advertisement is being purchased (if the entity identified in the advertisement is not the same as the Customer or the signer). By his/her execution of this agreement, the signer personally and individually undertakes and assumes, jointly and severally with the Customer, the full performance of this agreement, including payment of amounts due hereunder.
Accordingly, Yellow Book contends that Tocci is individually liable under these agreements.
For her part, Tocci, in support of her motion for summary judgment and in opposition to Yellow Book’s cross motion, filed an affidavit averring that Charles Scott and his wife, Janet, were the sole owners of Pro Insulators, and that Tocci never had an ownership interest in Pro Insulators and was not a director. She began work for Pro Insulators as a part-time bookkeeper, answered the telephones, and kept the accounting records. Her position was later changed to “managing” the front office: she scheduled appointments, ordered inventory, and dealt with insurance agents. During the managerial time of her employ, Tocci worked half of her time at home, taking care of two young sons. Tocci was not told by any Yellow Book representatives that she was signing in her personal capacity, or asked by them whether she was an owner of the business or what her position was. She admitted signing the contracts. She apparently did not see the provisions on individual liability in small type on the back: “I do believe that if it had been in plain view and easily noticeable, I would have seen it at the time.” She saw no writing that she was guaranteeing Pro Insulator’s debt. She “never received a bonus or raise based upon any business derived from advertising in Yellow Book.”
Allowing Yellow Book’s cross motion for summary judgment as to liability, and denying Tocci’s motion for summary judgment, the motion judge in written findings *22 held that the terms of the contracts were unambiguous and that the signature line on each cautioned the signer to read the provision on the back regarding personal liability. Judgment was accordingly entered against Tocci.
Rule 56(e) of the Mass. R. Civ. P. prescribes how motions for summary judgment are to be supported or opposed by affidavit: “Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.” Tocci’s affidavit meets all those requirements. Yellow Book’s affidavit, as it appears in the record, meets none of them. It purports to be the sworn statement of Yellow Book’s keeper of records. The name of the affiant is left blank, as is his or her position with Yellow Book. It is unsigned and undated. We are left with nothing to show that the affiant is competent to testify. Moreover, the unnamed affiant states first that Tocci was the signer of the agreements, then hedges with a later statement that on “information and belief Tocci signed the agreements.” “Expressions of belief... do not rise to the personal knowledge required by Mass. R. Civ. R, Rule 56(e).” Serení v. Star Sportswear Mfg. Corp., 24 Mass. App. Ct. 428, 433 (1987). “All affidavits or portions thereof made on information and belief, as opposed to personal knowledge, are to be disregarded in considering a motion for summary judgment.” Madsen v. Erwin, 395 Mass. 715, 721 (1985), quoting Shapiro Equip. Corp. v. Morris & Son Constr. Corp., 369 Mass. 968 (1976), and citing Automatic Radio Mfg. Co. v. Hazeltine Research, Inc., 339 U.S. 827, 831 (1950). However, if “a party does not move to strike the defective portion of an opponent’s affidavit, in his discretion a judge may rely on the fact stated on belief.” Id., quoting Stetson v. Selectmen of Carlisle, 369 Mass. 755, 763 n.12 (1976). Since Tocci did not move to strike Yellow Book’s affidavit, and indeed admitted in her own affidavit that she signed the agreements, we review both affidavits for the facts they impart.
We consider first the merits of Yellow Book’s motion. The agreements in issue, like all contracts, must rest for their enforceability on consideration being given. Loranger Constr. Corp. v. E.F. Hauserman Co., 376 Mass. 757, 763 (1978); O’Connor v. National Metals Co., 317 Mass. 303, 306 (1944). “The essentials of consideration are summarized in WILLISTON, CONTRACTS (3d ed.) §102A: ‘[Legal detriment] means giving up something which immediately prior thereto the promisee was privileged to retain, or doing or refraining from doing something which he was then privileged not to do, or not to refrain from doing. Benefit correspondingly must mean the receiving as the exchange for his promise of some performance or forbearance which the promisor was not previously entitled to receive.’” Graphic Arts Finishers, Inc. v. Boston Redev. Auth., 357 Mass. 40, 42-43 (1970).
The agreements called for monthly payments by Pro Insulators for the ads that Yellow Book was to print, unquestionably enforceable contracts for which consideration was given. Yellow Book argues persuasively that a signer with continuing individual liability for the deferred debt was necessary for Yellow Book’s protection in the event that the primary obligor, here Pro Insulators, ceased doing business, after the ad had been printed — an event that appears to have occurred here. An owner, investor, or principal of Pro Investors who signed would certainly have a benefit from the deferred obligation of the owner’s company, and consideration would thus be received by that person. Yellow Book has failed, however, to show how Tocci, a mere salaried employee, would receive any benefit from the right of deferred pay *23 ment given to her employer. In her capacity dealing with Pro Insulator’s vendors generally, Tocci’s obvious purpose was to order advertising for her employer. True, by her signature, Tocci promised to be individually liable for Pro Insulator’s debt. And her misreading or failing to read the agreements is no defense. “One who signs a writing that is designed to serve as a legal document, as this and its enclosure were, is presumed to know its contents.” Hull v. Attleboro Sav. Bank, 33 Mass. App. Ct. 18, 24 (1992). But she received no compensation, from either Pro Insulators or Yellow Book, for this promise. “No enforceable contract can be rested on such a promise as it was without consideration.” O’Connor, supra at 306. To this conclusion, Yellow Book offers no refutation.
For the same reason, lack of consideration, Yellow Book cannot recover under an unjust enrichment or quantum meruit theory of recovery. ‘“A person who has been unjustly enriched at the expense of another is required to make restitution to the other.’ RESTATEMENT OF RESTITUTION §1 (1937). The underlying basis for awarding quantum meruit damages in a quasi-contract case is unjust enrichment of one party and unjust detriment to the other party. See U.S. Controls Corp. v. Windle, 509 F.2d 909, 912 (7th Cir. 1975); 1 A. CORBIN, CONTRACTS §19A (Supp. 1984).” Salamon v. Terra, 394 Mass. 857, 859 (1985). Yellow Book has shown no enrichment on Tocci’s part. Likewise, even if Tocci signed as a guarantor, consideration would still be required. Sheraton Service Corp. v. Kanavos, 4 Mass. App. Ct. 851 (1976). Yellow Book’s motion for summary judgment should have been denied.
As noted, Yellow Book’s affidavit fails in all respects to conform to the requirements of Mass. R. Civ. R, Rule 56(e), but likewise it nowhere indicates how a wage-earning bookkeeper received any consideration from signing personally. By the same token, Tocci has amply demonstrated in her affidavit the very opposite — that she received no benefit. While “[t]he denial of a motion for summary judgment is not appealable following trial,” Stacy v. Zhao, 2013 Mass. App. Div. 59, 61, here there was no trial. As all material facts have been presented, Tocci’s motion for summary judgment resting on the failure of consideration should have been allowed.[5]
The judgment of the Woburn District Court is reversed, and judgment for Tocci is to be entered.
So ordered.

 The judgment against Pro Insulators is, for unspecified reasons, uncollectible. Yellow Book is thus pursuing Tocci individually.

 Presumably, the letters “VP” stand for vice-president. Whether Tocci was at some point promoted or she was simply engaging in some puffery, the record nowhere else suggests that she was an officer of Pro Insulators.

 Copies of the contracts reproduced in the Dist./Mun. Cts. R. A D. A, Rule 8B, filing are mostly illegible. By agreement of both parties, Yellow Book’s counsel provided readable copies at oral argument.

 Tocci raised other legal arguments as well. Her claim that she signed, if at all, as an accommodation party is inapposite, since the case does not involve a promissory note. See G.L.c. 106, §3-419. Her other claim that the agreements are unconscionable also fails. Unconscionability requires a determination “whether there was ‘an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party. Zapatha v. Dairy Mart, Inc., 381 Mass. 284, 293 n.13 (1980), quoting Williams v. Walker-Thomas Furniture Co., 350 F.2d 445, 449 (D.C. Cir. 1965). Yellow Book’s form contract documents in and of themselves, if signed, not as here by a paid employee, but by a knowledgeable owner or principal with appropriate skin in the game, would not be unconscionable under this test.