GEORGE SCHULTZ *vs.* ROBERT E. FRARY.

Essex.    November 7, 1952. — November 26, 1952.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Sale,* Parties.    *Contract,* Parties.

Evidence warranted findings that the plaintiff furnished equipment to a third person and installed it upon an original promise by the defendant to pay therefor and solely on the defendant's credit, and that the defendant was liable to the plaintiff for the price and installation charge.

CONTRACT.    Writ in the Superior Court dated March 30, 1950.

The action was tried before *Meagher,* J.

In this court the case was submitted on briefs.

*Sydney M. Davis,* for the plaintiff.

*Samuel H. Jaffee & Joseph Golant,* for the defendant.

LUMMUS, J.    This is an action of contract to recover the price of a boiler, with charges for its installation, which the plaintiff furnished to a corporation called Twentieth Century Cleansers & Dyers, Inc., upon the promise of the defendant

to pay. The answer was a general denial. The testimony of the plaintiff was that after he had refused to do the job on the credit of the corporation, the defendant told him that the contract would be between him and the plaintiff, and that the defendant would pay the plaintiff.

At the conclusion of the evidence, the judge directed a verdict for the defendant, and the plaintiff excepted. The evidence warranted a finding that the plaintiff gave credit to the defendant and not to the corporation at all. *Colpitts v. L. C. Fisher Co.* 289 Mass. 232. *Seder v. Kozlowski,* 304 Mass. 367, 370. *Irving Tanning Co.* v. *Shir,* 295 Mass. 380, 383. Besides, the defendant did not set up the provision of the statute of frauds, requiring a memorandum in writing to hold one for the debt of another. G. L. (Ter. Ed.) c. 259, § 1, Second. *Cahill v. Bigelow,* 18 Pick. 369, 372. *Hoffman v. Charlestown Five Cents Savings Bank,* 231 Mass. 324, 329.

We think that the direction of a verdict for the defendant was erroneous.

*Exceptions sustained.*