Rescript Opinions.

JOSEPH M. MEDEIROS *vs.* ANDREW J. PETTEY. March 14, 1975. The defendant appeals from a decree of the Superior Court which ordered specific enforcement of the plaintiff's option to purchase the defendant's farm. The defendant's attack on the validity of the option for (among other reasons) (1) lack of consideration and (2) illegality, fails. 1. Apart from the nominal consideration of $1 recited in the option agreement — concerning which the trial judge was not plainly wrong in finding that "Medeiros gave Pettey a dollar and Pettey returned it to Medeiros" (*Allen* v. *Rakes,* 359 Mass. 1, 5 [1971]; see *George* v. *Schuman,* 202 Mich. 241, 248 [1918]) — the work performed by the plaintiff on a private roadway leading to the farm supplied the necessary consideration for the option. See *Graphic Arts Finishers, Inc.* v. *Boston Redevelopment Authy.* 357 Mass. 40, 42-43 (1970). Though the provision in the option agreement for the work was phrased as a condition, its performance (and there was no contention that the plaintiff failed to perform) bound the defendant to the option agreement, as is generally the case with a unilateral contract. *Merrill* v. *Kirkland Constr. Co. Inc.* 365 Mass. 110, 113-114 (1974), and cases cited. Williston, Contracts, § 1439, pp. 924-927 (3d ed. 1968). 2. The record, including the trial judge's voluntary findings and a transcript of the testimony (see *Massachusetts Mut. Life Ins. Co.* v. *Massachusetts Life Ins. Co.* 356 Mass. 287, 288 [1969]), does not bear out the defendant's contention that the transaction was illegal because of the provision in the option agreement that the deed was not to be recorded until after the defendant's death, the purpose of which the defendant contends was somehow (just how is not clear) to circumvent the welfare authorities. The judge found only that "[t]here was discussion of Mr. Pettey's receiving old age assistance and whether the transaction would affect his right thereto," and she was well justified in not going further on the meager and equivocal evidence on this point. See *Nussenbaum* v. *Chambers & Chambers Inc.* 322 Mass. 419, 423 (1948); *Adamsky* v. *Mendes,* 326 Mass. 603, 607 (1950). 3. The trial judge found on oral testimony (and her findings are not plainly wrong; see the *Massachusetts Mut. Life Ins. Co.* case, *supra*) "that the defendant understood the terms in the agreement when he signed it ... [and] that there was no fraud, duress or other basic unfairness involved in the transaction." We do not reach a different conclusion. This disposes of the defendant's other contentions in this connection. *O'Brien* v. *Boland,* 166 Mass. 481, 482-483 (1896). *Meserve* v. *Jordan Marsh Co.* 340 Mass. 660, 662-668 (1960). *Peters* v. *Wallach,* 366 Mass. 622, 628-629 (1975). 4. The decree must, however, be modified to include the right of the defendant to occupy the house on the premises during his lifetime free of charge. The plaintiff admitted such right, both in his testimony and in his brief. The Superior Court shall modify the decree accordingly and, as so modified, the decree is affirmed.

*So ordered.*

*Leo Swartz* for the defendant.
*Thomas F. McGuire* (*Ephraim F. Horvitz* with him) for the plaintiff.