Merrigan, J.
This is an appeal pursuant to Dist/Mun. Cts. R. A D. A, Rule 8C. Joseph and Carolyn Centola (Centola) appeal from a judgment against them on a suit brought by Donald and Robin Morris (Morris) in the Westborough District Court
The facts and circumstances giving rise to this appeal are as follows:
Morris purchased residential real estate from Centola and after the closing discovered that Centola had removed a weathervane, that there were water problems in the basement and that a stain was present on a hardwood floor that had been previously covered by a rug. In addition, Centola did not move out as agreed after the closing, and Morris sought reimbursement for hotel expenses as well as per diem compensation for morlgage, insurance and taxes.
Morris brought suit and, after trial before a District Court judge, a finding for Morris entered on Counts 1 and 2 (damages for expenses incurred for Mure of Centola to *40 vacate), Count3 (damages for stain on the floor), Count4 (damages for removal of the weathervane), and Count 5 (damages for water problems in the basement).
The judge allowed some of Centola’s requested rulings of law and denied two.[3] On appeal, Centola does not argue that the denial of these requested rulings was error, and appellate review is waived. Dist/Mun. Cts. RAD.A, Rule 16(4). “The Appellate Division need not pass upon questions or issues not argued in the brief” Travenol Laboratories, Inc. v. Zofal, Ltd., 394 Mass. 95, 97 (1985). In any event, neither of the denied rulings was in proper form and there was no error in denying them.
Instead, on appeal, Centola argues that the judge committed error in finding for Morris on his claims. In effect, Centola argues that the ultimate factual findings implicitly made by the trial judge, on witch Centola’s liability was based, were erroneous.[4] Centola’s appellate argument amounts to a wholesale attack on the factual findings made by the trial judge. However, no issues concerning the sufficiency of the evidence were preserved for appellate review by appropriate requests for rulings. Mass. R Civ. R, Rule 64A, provides a simple and straightforward vehicle for any party wishing to preserve for appellate review the sufficiency of the evidence on a particular issue. Here, for example, Centola could have submitted a request for a ruling that “the evidence was insufficient to warrant a finding that Centola made intentional misrepresentations of material facts [concerning the floor, water in the basement, etc.].” Several such requests if properly framed would have preserved for appellate review the substance each of the issues raised by Centola on appeal See n.2, infra. Centola submitted no such requests, and for this reason, we do not reach any issues argued on appeal concerning the insufficiency of the evidence. Delnegro v. Hampton, Mass. App. Div. (January 2001), Stigum v. Skloff, 2000 Mass. App. Div. 63, 67.
Accordingly, the appeal is dismissed.

 The rulings that were denied are as follows:
(#1. Count 4) A weathervane is not a fixture as defined, rather a weathervane is to a cupola as a flag is to a flagpole or as curtains to a window, wherein the fixed structure remains with property as a fixture and the accessory is personal property not included in the sale of property unless specifically negotiated.
(#3. Count 5) If you find that the Defendants made representations to the Plain-tiffe regarding the basement only after the execution of the Purchase and Sale Agreement, then you must find for the Defendants.

 The issues were framed in Centola’s appellate brief as follows:
I. Whether the trial judge erred as a matter of law in entering judgment for the Plaintiff by:
A. Finding that the Defendant knowingly made a misrepresentation of a material fact;
B. Finding that the Defendant made the misrepresentation for the purpose of inducing the Plaintiff to act thereon;
C. Finding that the Plaintiff did rely upon the misrepresentation to his detriment;
D. Ordering prejudgment interest to run from the date of the closing on a count of misrepresentation.
II. Whether the trial judge erred as a matter of law in finding that the Defendant failed to reveal a latent defect
HI. Whether the trial judge erred as a matter of law in finding that a weathervane is a fixture.