Background
Bernstein, J.
In May, 1999, the plaintiff-appellant was involved in an automobile accident as a passenger in a vehicle operated by Ramon Ramos and insured by the defendant Commerce Insurance Company. After receiving treatment for neck and cervical sprain, and dental damage, plaintiff sought payment from defendant pursuant to G.L.c. 90, §34M. The defendant withheld payment beyond thirty days while it investigated the claim. During that time, plaintiff filed its complaint The issue raised in this appeal is whether defendant’s failure to pay plaintiff s personal injury protection claim within thirty days of presentment violates G.L.c. 90, §34M, G.L.c. 93A and G.L.c. 176D. Plaintiff also contests the trial judge’s findings on all counts for the defendant For the reasons presented herein, we find no error.
The day following the accident, plaintiff reported to the East Boston Neighborhood Health Center Emergency Unit for treatment It was determined she had sustained a neck strain. Thereafter, she sought treatment from a dentist who noted in his report that plaintiff claimed to have hit her mouth in an accident He observed that her front teeth seemed loose; another tooth had a fracture. After x-rays were taken, this was confirmed. He advised the plaintiff that he would have to extract the four teeth and replace them with a permanent denture. He did not find a causal connection between the dental injury and subsequent treatment At trial, plaintiff testified that she injured her teeth by clenching them upon impact A review by defendant of plaintiffs dental records also exposed a pre-existing dental problem.
On May 20, 1999, plaintiff began physical therapy treatment at the Physical Therapy Clinic of North Shore, Inc., which she continued until some time in September, 1999. She also received treatment from an orthopedist At the time of treatment plaintiff did not disclose a pre-existing cervical problem. However, the medical records disclosed otherwise.
Plaintiff thereafter sought personal injury protection (TIP”) payments from the defendant for this treatment In July of that year, the defendant conducted its own investigation of the claim, including an independent medical examination of the plaintiff Shortly thereafter, defendant sent a letter to plaintiff informing her that its review of the matter to that point had “produced information which warrants further investigation.” Further, defendant stated that it had “questions regarding the alleged injuries [the Plaintiff] is alleging were caused by this minor accident.” Defendant “reserved its rights” and reminded the plaintiff of her duty to cooperate with defendant in its investigation of the matter. No PIP payment to plaintiff was made to date.
*170 On September 2,1999, the plaintiff sent a G.L.c. 93A demand letter to the defendant On September 23,1999, the defendant sent a response letter informing the plaintiff that the defendant had not concluded its investigation of the claim.
On October 6,1999, the plaintiff filed its complaint, alleging violations of G.L.c. 93A and G.L.c. 176D by engaging in unfair settlement practices, and violation of G.Lc. 90, §34M by failing to mate the requested PIP payments. The trial judge found for the defendant on each count
Discussion
Plaintiffs claim is based on the defendants refusal to pay the medical expenses in accordance with the requirements of PIP, and defendants having taken too much time in the conduct of its investigation.
The plaintiff asserts that the failure of the defendant to pay the PIP claims within thirty days of presentment thereof violates G.L.c. 90, §34M, which provides in relevant part
Personal injury protection benefits and benefits due from an insurer assigned shall be due and payable as loss accrues, upon receipt of reasonable proof of the fact and amount of expenses and loss incurred provided that upon notification of disability from a licensed physician, the insurer shall commence medical payments within ten days or give written notice of its intent not to make such payments, ... In any case where benefits due and payable remain unpaid for more than thirty days, any unpaid party shall be deemed a party to a contract with the insurer responsible for payment and shall therefore have a right to commence an action in contract for payment of amounts therein determined to be due in accordance with the provisions of this chapter.
Under G.L.c. 90, §34A, PIP payments are defined as “payments... of all reasonable expenses... for necessary medical, surgical, x-ray, and dental services...” An insurer is not required to pay for medical expenses that are unreasonable. See Columbia Chiropractic Group, Inc. v. Trust Ins. Co., 430 Mass. 60, 64 (1999) (Such an obligation would not serve the statutory purpose). In addition, G.L.c. 90, §34M gives the insurer the right to investigate the reasonableness of a bill for services that are covered by insurance. Id. at 64-65.
In a case where the insurer has reason to doubt its liability, it can select a physician and require the claimant to submit to a physical examination by such physician in order to assist the insurer in determining the amounts due. Brito v. Liberty Mut. Ins. Co., 44 Mass. App. Ct. 34, 37 (1997), further appellate review denied, 426 Mass. 1109 (1998); G.L.c. 90, §34M. The insurer is not required to pay unexplained medical bills merely because the claimant asserts that the bills represent reasonable and necessary treatment for injuries caused by the accident Id.
Whether the defendant’s delay in concluding its investigation of the plaintiffs claim violates G.Lc. 93A, §9[1] as an unfair claim settlement practice in the business *171 of insurance as provided in G.L.c. 176D, §3[2] is a feet specific determination ordinarily left to the trier of fact Doe v. Liberty Mutual Insurance Co., 421 Mass. 366, 372 (1996).
Also, plaintiff argues that the evidence presented at trial was sufficient to prove the causal connection between the automobile accident and her injuries. Unless the evidence presented at trial is insufficient to warrant the trial courfs findings and conclusions, this court does not have the authority to disturb them. Our review of the record indicates that sufficient evidence was presented to the trial court to reasonably warrant a finding for the defendant Matsushita Elec. Corp. v. Sonus Corp., 362 Mass. 246, 250 (1972); Heil v. McCann, 360 Mass. 507, 511 (1971); see also Merrill v. Kirkland Constr. Co., 365 Mass. 110, 113 (1974), (Appellate Division’s ruling that there was insufficient evidence to warrant the trial judge’s finding of an enforceable contract between the plaintiff and the defendant was an impermissible invasion of the trial judge’s fact-finding province). In addition, under Mass. R. Civ. R, Rule 52(c), “... due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.”
Accordingly, for the reasons stated above, the plaintiffs appeal is dismissed.

 General Laws c. 93A, §9(1) provides, in pertinent part, that “... any person whose rights are affected by another person violating the provisions of clause (9) of section three of chapter one hundred and seventy-six D may bring an action... for damages and such equitable relief... as the court deems to be necessary and proper.”

 General Laws c. 176D, §3 (9) provides, in pertinent part
(9) Unfair claim settlement practices: An unfair settlement practice shall consist of any of the following acts or omissions:
(b) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;
(f) Failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;...