Coyne, J.
Plaintiff-Appellee John Flym (“Flym”) brought this action against Defendants-Appellants Ethan Blout (“Blout”) and Nordic Motors, Inc. (“Nordic Motors,” and, together with Blout, the “Defendants”) for breach of contract, fraud and violation of G.Lc. 93A The Defendants answered Flym’s complaint and filed counterclaims against Flym. After a trial on the matter, the trial judge found for Flym on the breach of contract claim and awarded damages in the amount of $7,000.00. The trial judge found for the Defendants on the fraud claim and the claim under G.L.c. 93A, and he found for Flym on the counterclaim. The Defendants have appealed.
For the reasons stated herein, we affirm the decision of the trial judge and dismiss the Defendants’ appeal.
The circumstances giving rise to this action are as follows. Blout owned and managed Nordic Motors[1] and was in the business of restoring, repairing and selling used automobiles. Flym was a regular customer at Nordic Motors for several years. Flym owned a 1973 Saab 96, which Nordic Motors maintained for him.
At some point in 1997, Flym and Blout agreed that Flym would purchase a 1989 Saab 900S from Blout, and Blout would make all necessary repairs to the automobile prior to the purchase. Blout and Flym also agreed that Blout would take possession of Flym’s 1973 Saab 96 and assist Flym in selling it. In May of 1997, Flym delivered the $3,200.00 purchase price for the 1989 Saab 900S to Blout and took possession of it. Flym also delivered his 1973 Saab 96 to Blout.
By September of 1997, Blout had not sold Flym’s 1973 Saab 96. The relationship between the parties began to deteriorate at that point. Blout indicated that he was no longer interested in selling Flym’s 1973 Saab 96. On November 10,1997, Flym sent a G.L.c. 93A demand letter to Blout, alleging that Blout’s actions constituted unfair and deceptive business practices. Flym filed the complaint in this court on January 2,1998.

Discussion

The Defendants’ argument that Flym and Blout did not have an enforceable contract is essentially an argument that there was insufficient evidence before the trial judge from which he could conclude that such contract existed. In order to preserve issues related to the sufficiency of the evidence for appellate review, the Defendants were obligated to file requests for rulings on the sufficiency of the evidence in the form prescribed by Mass. R Civ. E, Rule 64A(b). Morris v. Centola, 2001 Mass. App. Div. 39, 40.
The Defendants filed a document with the caption “Defendants’ Proposed Findings of Fact and Conclusions of Law.” In denying the Defendants’ proposed findings *179 and conclusions, the trial judge stated that “[t]he defendant’s proposed findings of fact and conclusions of law were presented to the Court in the form of a brief which did not distinguish between the findings of fact and rulings of law as required by Mass. R. Civ. E, Rule 64A(a) and Mass. R Civ. R, Rule 64A(c). The Court denies the requested findings and conclusions on the above mentioned basis.” Because the Defendants have not raised issues related to the sufficiency of the evidence by proper requests, those issues have not been preserved for appellate review. Morris v. Centola, supra. For this reason, we do not reach any issues concerning sufficiency of the evidence on the existence of an enforceable contract between Flym and Blout.[2]
Similarly, the Defendants’ argument that they were excused from performance of the agreement because of Flym’s breach is addressed to the sufficiency of the evidence before the trial judge. The Defendants did not present this issue for appellate review with proper requests for rulings under Mass. R Civ. R, Rule 64A(b).
The Defendants also argue that the damage award to Flym was erroneous because Flym did not mitigate his damages by attempting to sell the 1973 Saab 96 on his own. “The general rule with respect to mitigation of damages is that a plaintiff may not recover for damages that were avoidable by the use of reasonable precautions on his part.” Burnham v. Mark IV Homes, Inc., 387 Mass. 575, 586 (1982). The record indicates that Flym took no steps to sell the 1973 Saab 96 on his own because Blout had expertise in that area. Flym and Blout had an agreement, and Flym relied on Blout to effect the sale. No more than two months passed between the time when Blout indicated to-Flym that he was no longer interested in selling Flym’s 1973 Saab 96 and Flym’s sending of the G.L.c. 93A demand letter to Blout. Prior to that time, Flym was reasonable in assuming that Blout was working on the sale of the 1973 Saab 96 pursuant to the terms of their agreement. This is not a case in which Flym sat idly after the breach and allowed damages to accumulate. See Steranko v. Inforex, Inc., 5 Mass. App. Ct. 253, 270-271 (1977) (Employee, who was entitled to damages for breach of an employment agreement in the amount of the salary he would have earned under the balance of the agreement, still had duty to mitigate the damages by seeking other employment.). The damage award was appropriate.
Accordingly, for the reasons stated above, the Defendants’ appeal is dismissed.

 Blout testified that Nordic Motors was dissolved at some point in 1999.

 We note that even if we did reach the issue, the evidence was sufficient for the trial judge to conclude that there was a binding agreement between Flym and Blout, and both parties understood the material terms of the agreement. See Merrill v. Kirkland Constr. Co., 365 Mass. 110, 113 (1974) (Appellate Division’s ruling that there was insufficient evidence to warrant the trial judge’s finding of an enforceable contract between the plaintiff and the defendant was an impermissible invasion of the trial judge’s fact-finding province)