Brennan, J.
On May 31,2007, plaintiff Helen K. Kpakolo (“Kpakolo”) filed this tort action in the district court alleging that she had sustained injuries on October 25, 2005 when a bus owned by defendant Worcester Regional Transit Authority (“WRTA”) and operated by defendant Victor E. Harrigan (“Harrigan”) negligently struck her vehicle. The defendants filed a Mass. R. Civ. P., Rule 12(b) (1) motion to dismiss on the grounds (1) that the superior court had exclusive subject matter jurisdiction pursuant to G.L.c. 258, §3 over any claim against the WRTA because it is a public employer under G.L.c. 258, §1, and (2) that Harrigan is a public employee immune from liability for any negligent act committed during the course of his employment under G.L.c. 258, §2. The trial court allowed the dismissal motion, and Kpakolo filed this Dist./Mun. Cts. R. A. D. A., Rule 8C, appeal.
There was no error.
1. The Massachusetts Tort Claims Act, G.L.c. 258, §1 et seq., provides the “exclusive” remedies for recovery against a public employer for property damage, personal injury, or death resulting from the negligent or wrongful acts or omissions of a public employee acting within the scope of his employment. G.L.c. 258, §2. Tivnan v. Registrar of Motor Vehicles, 50 Mass. App. Ct. 96, 99-100 (2000). Section 4 of G.L.c. 258 mandates a timely presentment of a statutory claim against a public employer as a condition precedent to commencing suit, Spring v. Geriatric Auth. of Holyoke, 394 Mass. 274, 283 (1985), which must be brought in the Superior Court Department. G.Lc. 258, §3. Whether this common law tort action in the district court by Kpakolo against the WRTA and its employee was properly dismissed depends, therefore, on whether the WRTA is a “public employer” under G.L.c. 258, §1. We answered the same question more than a year ago in Plymouth Rock Assurance Corp. v. Sabin, 2007 Mass. App. Div. 69, a decision that is factually and legally apposite and is, thus, dis-positive of this appeal.
In Sabin, a driver insured by Plymouth Rock Assurance Corporation (“Plymouth Rock”) was injured in an accident with a bus owned by Pioneer Valley Transit *179 Authority (“PVTA”) and operated by its employee, Sabin. Like the WRTA in this case, the PVTA is a regional transit authority created pursuant to G.L.c. 161B. Plymouth Rock, as subrogee of its insured, filed a district court negligence action against both the PVTA and Sabin, and the PVTA moved to dismiss for lack of subject matter jurisdiction. The trial court allowed the motion, and reported the jurisdictional question to this Appellate Division. We concluded that the PVTA was a “public employer” under G.L.c. 258, §1, and affirmed the trial court’s judgment of dismissal.
Our decision in Sabin was based, first, on an application of the two-prong financial and political independence test prescribed in Kargman v. Boston Water & Sewer Comm’n, 18 Mass. App. Ct. 51 (1984) for the determination of an entity’s status as a “public employer.” We determined that while the financial structure of the PVTA is not entirely dissimilar from that of the Massachusetts Bay Transportation Authority (“MBTA”), which is expressly excluded from the statutory definition of “public employer,”[2] the PVTA is not vested with a political independence comparable to that of the MBTA. Sabin, supra at 71. Second, our holding in Sabin followed the general guideline set forth by the Supreme Judicial Court in Lafayette Place Assocs. v. Boston Redevelopment Auth., 427 Mass. 509 (1998) that any doubt about an entity’s status should be resolved in favor of classifying it as a public employer “because of the desirability of making the c. 258 regime as comprehensive as possible, thus avoiding reintroducing the ‘craiy quilt’ of immunities which the [Massachusetts Tort Claims] Act was meant to replace” (citation omitted). Id. at 532.
Both the PVTA in the Sabin case and the WRTA in this case are regional transit authorities created under G.L.c. 161B and vested with the same limited powers. The only difference between the two entities is the local communities that each serves.[3] Accordingly, we conclude that the WRTA is a “public employer” under G.L.C. 258, *180 §1,[4] and that Kpakolo’s negligence claim should have been properly presented to the WRTA and litigated in superior court in compliance with that statute.
2. Kpakolo also argues, unpersuasively, that even if the WRTA is deemed to be a “public employer” based on our decision in Sabin, that decision should be applied only prospectively to claims which arose after the decision’s May 22, 2007 publication. Contrary to Kpakolo’s contention, the general rule is that the decisions of our courts are applied retroactively. Scott v. Boston Hous. Auth., 56 Mass. App. Ct. 287, 291 (2002); Smart v. Demoulas Supermarkets, Inc., 2008 Mass. App. Div. 105, 107 n.4.
Further, this is not a case in which it is “necessary to depart from the general rule of retroactivity, in order to protect the reasonable expectations of parties.” Schrottman v. Barnicle, 386 Mass. 627, 631 (1982). In McIntyre v. Associates Fin. Servs. Co. of Mass., Inc., 367 Mass. 708 (1975), the Supreme Judicial Court listed the following factors to be weighed in determining whether an exception to the general rule should be made: “(1) whether a new principle has been established whose resolution was not clearly foreshadowed, (2) whether retroactive application will further the rule, and (3) whether inequitable results, or injustice or hardships, will be avoided by a holding of nonretroactivity.” Id. at 712. As to the first factor, an expansion of the “public employer” classification was clearly foreshadowed in Lafayette Place Assocs., supra, in which the Supreme Judicial Court criticized the Kargman factors as failing to produce a “ready answer” to the issue of an entity’s classification, decided the question of the defendant’s G.Lc. 258 status in that case by analogy to other agencies, and, as noted, stated that any doubts should be resolved in favor of a “public employer” classification. Id. at 529-530, 532. Given the Court’s analysis in Lafayette Place Assocs., a regional transit authority’s classification as a G.L.c. 258, §1 “public employer” was foreseeable.
As to the second McIntyre factor, retroactive application of Sabin would insure that no regional transit authority, or its public employees, was treated differently in pending cases, and that liability for the negligent act of the employee is properly imposed on the “public employer” as the Legislature intended. Retroactivity promotes the recognized policy, stated above, of making the G.L.c. 258 legislative scheme “as comprehensive as possible, thus avoiding reintroducing a ‘crazy quilt’ of immunities which the Act was meant to replace (citation omitted).” Lafayette Place Assocs., supra at 532.
Applying the third factor, it is clear that retroactive application will preclude any recovery by Kpakolo for the injuries she sustained. The reason is that Kpakolo failed to satisfy the condition precedent to a G.L.c. 258 suit of making a timely presentment of her claim against the WRTA within two years of her accident as mandated by G.L.c. 258, §4; thus, she is now precluded from commencing a statutory action in the superior court to recover for her injuries. But, as noted by defendant Harrigan in his brief, when the Sabin decision was issued on May 22, 2007, five months remained *181 before the expiration of Kpakolo’s two-year presentment period. Kpakolo, therefore, had ample time and opportunity after the issuance of Sabin to present her claim and to bring an action in the superior court. Any hardship caused by retroactive application of Sabin in this case is, then, of Kpakolo’s own creation.
Judgment of dismissal affirmed. Appeal dismissed.
So ordered.

 Section 1 of G.L.c. 258 defines a “public employer” as “the commonwealth and any county, city, town, educational collaborative, or district, including any public health district or joint district or regional health district or regional health board established pursuant to the provisions of section twenty-seven A or twenty-seven B of chapter one hundred and eleven, and any department, office, commission, committee, council, board, division, bureau, institution, agency or authority thereof including a local water and sewer commission including a municipal gas or electric plant, a municipal lighting plant or cooperative which operates a telecommunications system pursuant to section 47E of chapter 164, department, board and commission, which exercises direction and control over the public employee, but not a private contractor with any such public employer, the Massachusetts Bay Transportation Authority, the Massachusetts Port Authority, the Massachusetts Turnpike Authority, or any other independent body politic and corporate....”

 The PVTA is the regional transit authority for the “cities of Chicopee, Holyoke, Northampton, Springfield, Westfield, and the towns of Agawam, East Longmeadow, Easthampton, Hadley, Longmeadow, Ludlow, South Hadley, West Springfield, Wilbraham and Amherst." G.L.c. 161B, §2. The WRTA services the “city of Worcester and the towns of Auburn, Boylston, Grafton, Holden, Leicester, Millbury, Paxton, Shrewsbury and West Boylston.” Id.

 As Kpakolo has failed to present any argument in her brief that defendant Harrigan is not a “public employee” under G.L.c. 258, §1, that issue is waived. Dist./Mun. Cts. R. A D. A, Rule 16(a)(4); Morris v. Centola, 2001 Mass. App. Div. 39, 40. Harrigan is, thus, immune from liability pursuant to G.L.c. 258, §2, and Kpakolo’s claim against him was properly dismissed.