LoConto, P.J.
The plaintiff commenced this action seeking Personal Injury Protection (“PIP”) benefits for injuries she claimed to have received in an accident while in a motor vehicle owned by the defendant’s insured. She appealed the trial court’s allowance of the defendant’s motion for summary judgment grounded on the plaintiff’s alleged failure to cooperate, as required by the insurance policy and by statute. For the reasons stated below, we affirm the judgment of the trial court.
On August 28, 2006, the plaintiff sustained personal injuries in a motor vehicle collision for which she submitted a completed PIP application and a medical records release to the defendant insurance company on October 27, 2006. On November 17, 2006, the defendant mailed to the plaintiff’s attorney a letter stating that corrections needed to be made to the health insurance affidavit. The defendant learned that the plaintiff was treating at New England Chiropractic as of the date of the accident and requested the medical records on January 11, 2007. After a second request for the plaintiff’s medical records, New England Chiropractic informed the defendant that the records and bills would be sent to the plaintiff’s attorney. The defendant then requested the medical records from the plaintiff’s attorney on March 5, 2007.
When the defendant received the medical records and bills on March 15, 2007, it determined that a medical records review was necessary based on the extensive chiropractic treatment received by the plaintiff relative to the minimal impact of the accident. The medical records review doctor reported that he needed the medical *12 records for the plaintiffs pre-existing condition before he could determine whether the treatment was reasonable and necessary. As a result, the defendant sent the plaintiff a request for her prior medical records on May 11, 2007 and again on June 12, 2007. The plaintiff responded with a G.L.c. 93A demand letter, received by the defendant on June 18, 2007. On July 16, 2007, the defendant responded with a specific request for the plaintiffs prior medical records for the two-year period prior to the accident or HIPAA-compliant medical authorizations with a list of her medical providers for said period.
As of August 24, 2007, the defendant had made four written and two telephone requests to the plaintiff for her medical records or HIPAA-compliant medical authorizations, none of which were answered. Thereafter, the defendant denied the plaintiffs claim for PIP benefits and declined to pay a number of the plaintiffs medical bills for failure to cooperate with its investigation.
The defendant’s motion for summary judgment was allowed. A motion for summary judgment is to be allowed only if there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Mass. R. Civ. R, Rule 56(c). Summary judgment is appropriate where there is an absence of a genuine dispute as to any material fact or if only a question of law is involved. Flesner v. Technical Communications Corp., 410 Mass. 805, 808-809 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). This Division acknowledges that the issue of whether an insurer’s refusal to pay PIP benefits in the event of a claimant’s noncooperation is reasonable is a question of fact for the fact finder; however, here, the facts are not in dispute. See Doe v. Liberty Mut. Ins. Co., 423 Mass. 366, 372 (1996) (stating that fact finder’s determination of “unreasonable delay” was unnecessary when record showed no such basis).
General Laws c. 90, §§34A and 34M govern the defendant’s obligations to substantiate a PIP benefits claim and investigate the causal connection between the claimed injuries and automobile accident. Section 34M requires a claimant to “do all things necessary to enable the insurer to obtain medical reports and other needed information to assist in determining the amounts due.” The defendant was entitled to investigate whether the postaccident medical treatments were causally related to the automobile accident and, if so, to what extent pre-existing injuries may have contributed. Its investigation would have reasonably required an evaluation of the plaintiff’s prior medical records. See Fox v. Rivera, No. 02-P-732, at 3 (Mass. App. Ct. Aug. 23, 2004) (unpublished Rule 1:28 decision); Babilonia v. Commerce Ins. Co., 2001 Mass. App. Div. 169, 170. The plaintiff was obligated to provide the defendant with the requested medical records or HIPAA-compliant medical authorizations and a list of her medical providers for a two-year period. The plaintiff’s noncooperation precluded the defendant from being able to evaluate properly the plaintiffs medical condition and her claim. Her failure to do so constituted noncooperation in the investigation of her claim.
The plaintiff’s wilful failure to cooperate with the defendant’s requests for information violated the express terms of G.L.c. 90, §34M, which provides, in part, that “ [n] oncooperation of an injured party shall be a defense to the insurer in any suit for benefits authorized by this section.”
The plaintiff’s reliance on case law regarding the effect of a plaintiff’s pre-exist-ing injury on a defendant’s liability is misplaced. Wallace v. Ludwig, 292 Mass. 251 *13 (1935) demonstrates that “where an injury arising from a cause which entails liability on the defendant combines with a preexisting or a subsequently acquired disease to bring about greater harm to the plaintiff than would have resulted from the injury alone, the defendant may be liable for all the consequences” (emphasis added). Id. at 256. The existence of a pre-existing injury does not preclude recovery under Massachusetts law. The defendant must determine whether the preexisting injury was the sole cause, a contributing factor, or unconnected to the alleged injuries sustained from the accident. In connection with its obligation to perform such an investigation, it was reasonable for the defendant to request the plaintiffs medical records. Therefore, the judgment of the trial court is affirmed.
So ordered.